IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FIRST PROPERTY GROUP, LTD., *et al.*,   :

      Plaintiffs,   :

              vs.   :

BEHR DAYTON THERMAL PRODUCTS   :
LLC, *et al.*,
                           :

      Defendants

Case No. 3:08-cv-329

JUDGE WALTER HERBERT RICE

---

DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN PART
CHRYSLER LLC AND BEHR DAYTON THERMAL PRODUCTS LLC'S MOTION TO
DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT OR IN THE ALTERNATIVE
TO STAY (DOC. #33); ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATIONS (DOC. #44); OVERRULING DEFENDANT BEHR DAYTON
THERMAL PRODUCTS LLC'S OBJECTIONS TO REPORT AND
RECOMMENDATIONS (DOC. #51)

---

Plaintiffs[1] are residents and property owners in the McCook Field

Neighborhood in Dayton, Ohio.  They live near industrial facilities owned, operated,

or formerly operated by Defendants Chrysler, LLC ("Chrysler") and Behr Dayton

Thermal Products LLC ("Behr Dayton").  Plaintiffs maintain that Defendants'

hazardous waste management practices have caused off-site groundwater and soil

---

[1]The named Plaintiffs are First Property Group, Ltd., John Shibata, James
Royce, Larry Wymer, Michael Holz, Robert Hancher, Rob Williams, Carol Williams,
Lisa Williams, Brian Williams, Robbie Williams, II, Felicia Williams, Brianna Williams,
Dolly Erwin, Howard Updyke, Sherry Williams, and Dayton Metropolitan Housing
Authority.  Doc. #32 (First Am. Compl.).

contamination and vapor intrusion which have trespassed onto Plaintiffs'
properties, exposing Plaintiffs to volatile organic compounds including
trichloroethylene and vinyl chloride.

Alleged damages include decreased property values, substantial interference
with the quiet use and enjoyment of Plaintiffs' property, adverse impacts to their
physical health, significant mental anguish, annoyance, inconvenience, discomfort
or sickness, and continuing trespass. Plaintiffs bring this litigation under Ohio law,[2]
seeking class certification and alleging the following state law claims: trespass
(Count I); private nuisance (Count II); negligence (Count III); strict liability
−abnormally dangerous activity (Count IV); fraudulent concealment (Count V);
medical monitoring (Count VI); and equitable relief (Count VII). Plaintiffs ask for
general and special damages in excess of $5,000,000. They also request
injunctive relief, attorney's fees and costs.

Presently before the Court is Chrysler and Behr Dayton's Motion to Dismiss
Plaintiffs' First Amended Complaint or In the Alternative Motion to Stay (Doc.
#33), as well as the Magistrate Judge's Report and Recommendations (Doc. #44),
Defendant Behr Dayton's objections thereto (Doc. #51), and Plaintiffs' response in

---

[2]The Magistrate Judge noted that the Amended Complaint does not raise
any federal claims, but that jurisdiction seems to be vested in this Court under the
provisions of 28 U.S.C. § 1332(d)(2). Doc. #44, at 3 n.2. That statute provides
that a district court has original jurisdiction of any civil action in which the matter
in controversy exceeds the sum of $ 5,000,000, and (among other alternatives) is
a class action in which any member of a class of plaintiffs is a citizen of a state
different from any defendant. 28 U.S.C. § 1332(d)(2)(A).

opposition to those objections (Doc. #53).[3]

In their Motion to Dismiss or Stay, Defendants argue that: (1) the Amended Complaint must be dismissed or stayed under the doctrine of primary jurisdiction (with regard to the ongoing investigation and remediation/mitigation by the United States Environmental Protection Agency ("EPA") and the Ohio Environmental Protection Agency); (2) Plaintiffs' claim of fraudulent concealment (Count V) must be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted; and (3) Plaintiffs' claim of medical monitoring (Count VI) must be dismissed because it is not an independently cognizable claim under Ohio law. Doc. #33.

In her Report and Recommendations, the Magistrate Judge recommended that the Court overrule Defendants' motion with respect to the doctrine of primary jurisdiction, and with respect to the fraudulent concealment claim (Count V). However, she recommended that the Court sustain Defendants' motion with respect to the medical monitoring claim (Count VI), and dismiss that count without prejudice to Plaintiffs' ability to seek medical monitoring as a remedy. Doc. #44.

Defendant Behr Dayton objects to the Magistrate Judge's Report and Recommendations concerning the doctrine of primary jurisdiction, and the fraudulent concealment claim. Doc. #51.

_____

[3] Defendants' previously-filed Motion to Dismiss or in the Alternative to Stay (Doc. #19) was rendered moot by the filing of the First Amended Complaint.

3

I.    Standard of Review

Defendants' Motion to Dismiss or Stay is a dispositive motion.  Therefore, pursuant to 28 U.S.C. § 636(b)(1), this Court must conduct a *de novo* review of those portions of the Magistrate Judge's Report and Recommendations to which an objection is made.

II.   Doctrine of Primary Jurisdiction

According to EPA public records,[4] the EPA has begun an administrative investigation regarding the facilities in the McCook Field area.  *EPA's HRS Documentation Record for Behr Dayton Thermal System VOC Plume*, at http://www.epa.gov/ superfund/sites/docrec/pdoc1786.pdf at 10-14.  On December 19, 2006, Chrysler and the EPA entered into an Administrative Order by Consent ("AOC") to conduct vapor intrusion investigation and mitigation.  In accordance with the AOC, Chrysler took steps to remediate and mitigate the contamination through vapor abatement systems and soil vapor extraction systems.  The EPA has also sought to list the area subject to this process on the National Priorities List, for further investigation and remedial action.  Given the

_____

[4]Both parties, as well as the Magistrate Judge, rely on certain public records, in arguing and analyzing the present Motion.  The Court agrees that consideration of the same is appropriate in ruling on a Motion to Dismiss, under Rule 12(b)(6).  Amini v. Oberlin College, 259 F.3d 493, 502 (6th Cir. 2001) ("In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account.") (quoting Nieman v. NLO, Inc., 108 F.3d 1546, 1554 (6th Cir. 1997)).

4

involvement by the EPA and Ohio EPA at the site in question, Defendants argue that Plaintiffs' Amended Complaint should be dismissed or that the litigation should be stayed under the doctrine of primary jurisdiction.

In applying the doctrine of primary jurisdiction, "federal courts . . . abstain from hearing certain administrative-related matters until the appropriate agency has had the opportunity to interpret unanswered technical and factual issues." Fieger v. U.S. Atty. Gen., 542 F.3d 1111, 1121 (6th Cir. 2008). The doctrine "arises when a claim is properly cognizable in court but contains some issue within the special competence of an administrative agency." United States v. Any & All Radio Station Trans. Equip., 204 F.3d 658, 664 (6th Cir. 2000) (quoting United States v. Haun, 124 F.3d 745, 749 (6th Cir. 1997)). Primary jurisdiction is limited, however, to "cases where protection of the integrity of a regulatory scheme dictates preliminary resort to the agency which administers the scheme." Fieger, 542 F.3d at 1121 (quoting United States v. Philadelphia Nat'l Bank, 374 U.S. 321, 353 (1963)).

> When the doctrine applies, court proceedings are stayed so that the agency may bring its special competence to bear on the issue. Unfortunately, "no fixed formula exists for applying the doctrine[.]" Rather, "in every case the question is whether the reasons for the existence of the doctrine are present and whether the purposes it serves will be aided by its application in the particular litigation."

Any & All Radio Station, 204 F.3d at 664 (quoting United States v. Western Pacific R. Co., 352 U.S. 59, 64 (1956)).

5

In the present case, the Magistrate Judge recommended that Defendants' request for dismissal or stay, pursuant to the primary jurisdiction doctrine, be overruled.  While the Magistrate Judge opined that the EPA undoubtedly has expertise and experience in at least some of the technical and factual issues in this case, she concluded that Defendants had not provided sufficient information about the EPA's investigation and remediation efforts to warrant a dismissal or stay, at this early (pre-summary judgment) stage of the litigation.  Doc. #44, at 9-10.

Defendant Behr Dayton objects to the Magistrate Judge's recommendation on this issue.  Doc. #51.  According to Defendant:  (1) the facts indicate that the EPA is involved in investigating and remediating the contaminated site and, thus, it is clear that the case involves technical or policy considerations within the EPA's expertise and, therefore, there is a possibility of inconsistent rulings if this Court becomes involved; (2) the Magistrate Judge places undue importance on the "present posture" of this case, given that the Court may ultimately be asked to determine an appropriate investigatory and remediation plan, thereby conflicting with the EPA's area of expertise; (3) the Magistrate Judge did not properly distinguish between the Plaintiffs' claims for monetary and injunctive relief, and courts have found that staying requests for injunctive relief, in cases such as the present, is appropriate; and (4) the requests for monetary damages should also be stayed, in that it is too early to predict the future impact of the alleged contamination on health and property values.

6

The Court concurs with the Magistrate Judge's recommendation that this litigation not be dismissed or stayed under the primary jurisdiction doctrine. Initially, the Court notes that courts generally stay litigation, pending an agency's resolution of a matter, rather than dismissing it. Schwartzman, Inc. v. Atchison, T. & S.F. Ry., 857 F. Supp. 838, 844 (D.N.M. 1994) ("Defendant is requesting the Court to dismiss Plaintiff's injunctive relief claims pursuant to the doctrine of primary jurisdiction. However, the preferred approach is that 'jurisdiction should be retained by a stay of proceedings, not relinquished by a dismissal' . . . .") (quoting Northern Cal. Dist. Council of Hod Carriers, AFL-CIO v. Opinski, 673 F.2d 1074, 1076 (9th Cir. 1982)); Leib v. Rex Energy Operating Corp., No. 06-cv-802, 2008 WL 5366692, at *14 (S.D. Ill. Dec. 19, 2008) ("When a court chooses to exercise primary jurisdiction, it does not dismiss the litigation but stays it pending the results of the agency's resolution of the issue, and the action resumes after the agency's decision if that decision has not resolved the entire controversy") (citing Baker v. IBP, Inc., 357 F.3d 685, 688 (7th Cir. 2004)). Thus, if the Defendants' request had been well taken, the Court would have stayed the instant litigation, rather than dismissing it.

However, as previously indicated, Defendants' request is not well taken. Turning first to Plaintiffs' request for monetary damages, such is the province of the courts, rather than the EPA, and thus, staying the litigation under the primary jurisdiction doctrine is inappropriate. Stoll v. Kraft Foods Global, Inc., No. 1:09-cv-

7

364, 2010 WL 3702359, at *9 (S.D. Ind. Sept. 6, 2010) ("[T]he primary jurisdiction doctrine cannot be used to dismiss or stay claims seeking recovery of monetary damages") (citing Feikema v. Texaco, Inc., 16 F.3d 1408, 1417-18 (4th Cir. 1994)); Peters v. Astrazeneca, LP, 417 F. Supp.2d 1051, 1058 (W.D. Wis. 2006) (concluding that courts may refuse to stay proceedings, under the primary jurisdiction doctrine, when plaintiffs are seeking damages for injury to person or property, "as this is the type of relief courts routinely evaluate") (citing Ryan v. Chemlawn Corp., 935 F.2d 129, 131 (7th Cir. 1991)).

With respect to Plaintiffs' requests for injunctive relief, the Court once again concurs with the Magistrate Judge. While remediation and mitigation of Superfund sites are certainly within the expertise of the EPA, courts typically resolve questions of primary jurisdiction regarding such claims, at the summary judgment stage of litigation, rather than at the motion to dismiss stage. See, e.g., B.H. v. Gold Fields Mining Corp., 506 F. Supp.2d 792 (N.D. Okla. 2007); Schwartzman, 857 F. Supp. 838 (D.N.M. 1994). Such an approach is especially warranted in the present case, given that there is currently no information in either the Amended Complaint or the public records identified by the parties that in any way ties Defendant Behr Dayton (as opposed to Defendant Chrysler) to the EPA's remediation activities at the site. For example, the EPA's *HRS Documentation Record for Behr Dayton Thermal System VOC Plume* indicates that Chrysler (not Behr) and the EPA entered into an AOC to conduct vapor intrusion investigation

8

and mitigation, but does not indicate that Behr Dayton is in any way involved in those actions. http://www.epa.gov/superfund/sites/docrec/pdoc1786.pdf at 10-14. Further, there is no indication as to whether Chrysler is still involved in the remediation and mitigation efforts.

Defendants are not foreclosed from requesting a stay of proceedings, as to Plaintiffs' request for injunctive relief, should they ultimately set forth sufficient facts to indicate that protection of the integrity of the regulatory scheme in question dictates preliminary resort to the EPA. See Fieger, 542 F.3d at 1121. Such a request, however, is premature at this juncture.

For these reasons, the Court OVERRULES Defendant Behr's objections with respect to the doctrine of primary jurisdiction.  That doctrine provides no basis, at this point in the litigation, for dismissing or staying Plaintiffs' claims.

III.    Fraudulent Concealment (Count V)

In Count V of the First Amended Complaint, Plaintiffs allege that Defendants intentionally concealed or suppressed material facts concerning test results, the existence of the plume of contamination, the continued spread of contaminants into the soil and ground water, and the increased risk of health problems created by the plume.  Plaintiffs further allege that Defendants owed them a duty to exercise reasonable care to notify them immediately upon learning of the release of toxic chemicals, and to make them aware of the known dangers associated with such a release.  First Am. Compl., Doc. #32 at ¶¶ 107-108.  In addition, Plaintiffs

allege that they would not have purchased property, retained an interest in the property or resided at the property had they been informed. Id. at ¶ 111.

In their Motion to Dismiss, Defendants argue that Plaintiffs have failed to meet Federal Rule of Civil Procedure 9(b)'s heightened pleading standard with respect to their claim of fraudulent concealment. Rule 9(b) states, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

> To prove fraudulent misrepresentation or concealment, a plaintiff must establish: 1) a representation or, where there is a duty to disclose, concealment of a fact; 2) that is material to the transaction; 3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; 4) with intent to mislead another into relying on the misrepresentation or concealment; 5) justifiable reliance upon the representation or concealment; and 6) injury proximately resulting from such reliance.

Randleman v. Fidelity Nat. Title Ins. Co., 465 F. Supp.2d 812, 821 (N.D.Ohio 2006).

With respect to the first element, a duty to disclose, a plaintiff must allege with reasonable particularity:

> 1) the relationship or situation giving rise to the duty to speak; 2) the event or events triggering the duty to speak and/or the general time period when the relationship arose and fraudulent conduct occurred; 3) the general content of the information withheld and its materiality; 4) the identity of those breaching the duty to disclose; 5) what the defendant gained by withholding information; 6) why plaintiff's reliance on the omission was both reasonable and detrimental; and 7) damages proximately flowing from the reliance.

Id. at 822.

Defendants argue that Plaintiffs have failed to include any specific allegations about the nature of the relationship between the parties, when the relationship arose, or how Plaintiffs' reliance on the alleged omissions was reasonable and detrimental. Defendants also argue that Plaintiffs need to include allegations about what specific actions Defendants took to conceal the information. Doc. #33, at 14-16.

The Magistrate Judge rejected Defendants' arguments. Citing paragraphs 38-41 of the First Amended Complaint, she noted that Plaintiffs have alleged that Defendants had a statutory duty, under federal and state law, to report the release of trichloroethylene when they first learned of it, and that Defendants breached that duty. Defendants had superior knowledge of the contamination, and concealed that knowledge from others for several years.

The Magistrate Judge further noted that Plaintiffs' allegations gave rise to the "reasonable inference that Defendants have engaged in an intentional effort to falsely inform Plaintiffs of the lack of danger or health risks posed by the contamination." These alleged misrepresentations gave rise to a duty to speak in order to dispel the misleading impressions. The Magistrate Judge concluded that Plaintiffs had provided sufficiently particularized facts to put Defendants on notice as to the nature of the claim. Doc. #44, at 12-13.

11

Behr Dayton maintains that the Magistrate Judge erred in finding that Plaintiffs' allegations of fraudulent concealment were sufficient to state a claim for relief. The Court disagrees. As the Magistrate Judge noted in her Report and Recommendation, the Sixth Circuit interprets Rule 9(b) quite liberally. "The purpose of Rule 9(b) is to provide fair notice to the defendant so as to allow him to prepare an informed pleading responsive to the specific allegations of fraud." Advocacy Organization for Patients and Providers v. Auto Club Ins. Ass'n, 176 F.3d 315, 322 (6th Cir. 1999).

In the Court's view, Plaintiffs have alleged with reasonable particularity the situation giving rise to the duty to speak. Defendants knew of the contamination and had a statutory duty to report it. But instead of disclosing the existence of that known threat, Defendants concealed that information from Plaintiffs and others for many years. Plaintiffs have also alleged with reasonable particularity factual allegations supporting the other required elements of a claim of fraudulent inducement. Plaintiffs had no reason to know that their property had been invaded by a plume of toxic chemicals. Therefore, absent disclosure by Defendants, Plaintiffs, understandably, took no action to protect themselves, and allegedly suffered damages.

The Court finds that Defendants have been given fair notice as to the nature of Plaintiffs' claim. The Court, therefore, OVERRULES Defendant Behr Dayton's objection to this portion of the Report and Recommendations, and OVERRULES

12

Defendants' Motion to Dismiss with respect to the claim of fraudulent concealment.

IV.   Medical Monitoring (Count VI)

No one has objected to the Magistrate Judge's recommendation to dismiss Plaintiffs' medical monitoring claim (Count VI) without prejudice to Plaintiffs' ability to seek medical monitoring as a remedy.  Finding the Magistrate Judge's conclusion on this claim to be legally sound, the Court SUSTAINS Defendants' Motion to Dismiss Count VI for the reasons set forth by the Magistrate Judge in her Report and Recommendations.  Count VI is dismissed without prejudice to Plaintiffs' ability to seek medical monitoring as a remedy.

IV.   Conclusion

For the reasons set forth above, the Court OVERRULES Defendant Behr's Objections to the Magistrate Judge's Report and Recommendations, Doc. #51, and ADOPTS the Report and Recommendations, Doc. #44, in its entirety.

In accordance with the Report and Recommendations, Defendants' Motion to Dismiss or in the Alternative to Stay, Doc. #33, is SUSTAINED IN PART and OVERRULED IN PART.  Count VI of the First Amended Complaint is dismissed without prejudice to Plaintiffs' ability to seek medical monitoring as a remedy. Defendants' Motion is OVERRULED in all other respects.

13

Date: September 13, 2011

WALTER HERBERT RICE
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of record

14